# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PRISCELLA R. SAINTAL,

    *Plaintiff*,

vs.

JAMES C. COX, *et al.*,

    *Defendants*.

2:13-cv-01084-JCM-PAL

ORDER

Plaintiff, a Nevada state inmate, has filed an application (#1) to proceed *in forma pauperis* seeking to initiate a civil rights action.

The pauper application is incomplete. Both a financial certificate properly completed and executed by an authorized institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and LSR1-2 of the local rules. Plaintiff did not attach a statement of her inmate trust fund account for the prior six months.

It does not appear from review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action would lead to a promptly-filed new action being untimely. The earliest operative facts allegedly occurred in March 2012, and a two-year limitations period is applicable to civil rights actions arising out of Nevada.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (#1) is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new complaint on the required form in a new action together with either a new pauper application with all required, and new, attachments or payment of the $350.00 filing fee.

IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.

The clerk of court shall SEND plaintiff a copy of the papers that she filed along with the complaint and pauper forms and instructions for both forms.[1]

The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: July 11, 2013.

_____
JAMES C. MAHAN
United States District Judge

---

[1] Plaintiff should note the following when filing a new complaint and new pauper application in a new action.

First, in the "nature of the case" portion of the complaint form, plaintiff should give only a brief general overview of the factual basis for the action. Under the instructions, "[t]his is not the place to provide detailed information about what each defendant did to violate your rights – that should be done in" the counts. *Instructions*, at 6.

Second, plaintiff should not use abbreviations from a specialized field – such as medicine – in stating her claims. It appears that plaintiff used the medical abbreviation of a "c" with a line over it in lieu of writing the word "with." Plaintiff should not assume that all judges and personnel will be familiar with such abbreviations. Plaintiff should focus on communicating clearly in generally understandable English. The obligation is on plaintiff to clearly state her claims, not on the court to discern that she is using abbreviations from a specialized field that otherwise are not called for by the allegations presented. If plaintiff fails to clearly state a claim in generally understandable English, she literally will have failed to state a claim upon which relief may be granted. Plaintiff perhaps may wish to emphasize clear communication over demonstrating her knowledge of specialized medical abbreviations in this regard.